UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **BRICKLAYERS AND ALLIED CRAFT WORKERS ADMINISTRATIVE DISTRICT COUNCIL OF NEW JERSEY AND ITS LOCAL NO. 5,** *et als.* | Civ. No. 2:13-3429 (CCC) |
| **Plaintiff,** | **ORDER & JUDGMENT** |
| **v.** | |
| **BLUE RIDGE CONSTRUCTION CORP.,** *et als.* | |
| **Defendants.** | |

**THIS MATTER** comes before the Court on Plaintiff's motion for default judgment against Defendants Blue Ridge Construction and Robert Mancini pursuant to Federal Rule of Civil Procedure 55(b)(2). Plaintiff served the Complaint on Defendants on August 27, 2013. [ECF No. 1]. The time for Defendants to answer or otherwise respond to the Complaint expired. *See* Fed. R. Civ. P. 12(a). To date, Defendants have failed to answer or otherwise respond to the Complaint. Pursuant to Federal Rule of Civil Procedure 55(a), the Clerk entered a Default against Defendants on December 20, 2013. Plaintiff served Defendants with notice of this motion and filed the instant motion for default judgment on December 30, 2013 [ECF No. 12]. No opposition has been filed.

1

"Before imposing the extreme sanction of default, district courts must make explicit factual findings as to: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)).

In this case, the Court finds that the facts set forth in the Complaint, the motion, and the attached exhibits merit entry of a default judgment. First, the Court finds that there is no basis for Defendants to claim a meritorious defense, as Plaintiff provided ample evidence that Defendants breached the Collective Bargaining Agreement with Plaintiff and failed to remit delinquent contributions as ordered by the Bricklayers and Allied Craftworkers Administrative District Council and its Local 2 and 5 and all Fringe Benefit Funds – Joint Arbitration Board. *See Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co.*, Civ. No. 11-7137, 2012 WL 3018062, at *3 (D.N.J. July 24, 2012). Second, it is clear that Plaintiff has been prejudiced by Defendants' failure to answer because Plaintiff has incurred additional costs, has been unable to move forward with the case, and has been delayed in receiving relief. *See Malik v. Hannah*, 661 F. Supp. 2d 485, 490-91 (D.N.J. 2009). Third, where, as here, Defendants have failed to respond, there is a presumption of culpability. *See Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-624, 2011 U.S. Dist. LEXIS 115142, at *10 (D.N.J. Oct. 5, 2011).

The Court further finds that Plaintiff has submitted sufficient evidence to support its request for damages pursuant to Federal Rule of Civil Procedure 55(b), and has submitted a reasonable request for attorneys' fees and costs in accordance with Local Civil Rules 54.1 and 54.2.

For the foregoing reasons and for good cause shown;

**IT IS** on this 13th day of June 2014, hereby,

**ORDERED** that final judgment is entered in favor of Plaintiff and against Defendants, in the total amount of $94,158.15 comprised of the following:

(1) $29,844 in unpaid benefits;

(2) $10, 683.08 in interest (per delinquency policy – calculated at 10% per annum from due date);

(3) $5,968.82 in liquidated damages;

(4)  $45,480 in unpaid wages.

(5) 2,182.25 in attorneys' fees and costs.

_____

**CLAIRE C. CECCHI, U.S.D.J.**

3